**Jacquelyn THOMPSON**

v.

**The STATE of Texas, Appellee.**

**No. 798–84.**

Court of Criminal Appeals of Texas, En banc.

Oct. 9, 1985.

Clifton L. Holmes, Longview, for appellant.

Carter Beckworth, Dist. Atty., and John W. Tunnell, Asst. Dist. Atty., Longview, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Jacquelyn Thompson, appellant, was convicted by a jury of being a party to the offense of aggravated robbery that was committed by Jerry Wayne Fears of Gene Taylor.[1] The jury also assessed her punishment at twenty-five years' confinement in the Department of Corrections. The Tyler Court of Appeals, in an unpublished opinion, affirmed appellant's conviction. *Thompson v. State,* No. 12–83–0050–CR, June 7, 1984.

This Court granted appellant's petition for discretionary review in order to make the determination whether the court of appeals correctly overruled appellant's contentions that the indictment did not state an offense against her and that the evidence was insufficient to sustain her conviction as a party to the offense that was committed by Fears.

---

1. V.T.C.A., Penal Code, Section 7.02 provides in part that a person is criminally responsible as a party to an offense committed by another person if:

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]

We sustain appellant's contention that the indictment in this cause is fundamentally defective. We will reject appellant's contention that the evidence is insufficient because we find that the evidence is sufficient to establish that appellant was a party to the offense committed by Fears.

We will first address appellant's contention that the indictment does not state an offense against her.

The indictment against appellant alleges in pertinent part that she "did then and there act together with Jerry Wayne Fears, when the said Jerry Wayne Fears did, while in the course of committing theft, knowingly and intentionally cause bodily injury to Gene Taylor, by exhibiting and using a deadly weapon, namely, a firearm, with the intent to obtain control of money of the United States, the property of Gene Taylor, without his effective consent and with the intent to deprive him of his property."

Appellant claims that the indictment is fundamentally defective, by failing to state an offense against her, because it fails to allege a culpable mental state apart from that alleged for Fears. For reasons we are about to state, we agree with appellant.[2]

■ It is axiomatic under our statutory and case law that a fundamentally defective charging instrument may be attacked for the first time on direct appeal, and also may be attacked even after the conviction has become final. *Ex parte Garcia,* 544 S.W.2d 432 (Tex.Cr.App.1976). A fundamentally defective charging instrument is one that fails to state an offense against the accused.

■ One of the purposes of a charging instrument is to invoke the jurisdiction of the trial court, *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977), but in order to do so the charging instrument must allege an offense against the accused; otherwise, jurisdiction over the case never vests

in the trial court, *Ex parte Garcia,* supra, and any judgment of conviction that is rendered thereon is null and void. *American Plant Food Corp. v. State,* 508 S.W.2d 598, 603 (Tex.Cr.App.1974); *Green v. State,* 571 S.W.2d 13 (Tex.Cr.App.1978).

■ Before it can be said that a charging instrument is valid, it must first be shown that the charging instrument alleges all of the necessary elements of the offense which the accused has allegedly committed. *Dennis v. State,* 647 S.W.2d 275 (Tex.Cr. App.1983); *Ex parte County,* 577 S.W.2d 260 (Tex.Cr.App.1979); *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978); *Ex parte Eldridge,* 572 S.W.2d 716 (Tex.Cr. App.1978); *American Plant Food Corp. v. State,* supra.

■ Our statutory and case law require that unless the definition of an offense clearly dispenses with the requirement of a culpable mental state, one of the culpable mental states, i.e., intentional, knowing, reckless, or criminal negligence, must be pled in the charging instrument. See V.T.C.A., Penal Code, Section 6.02 (b); *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr. App.1976). Where the charging instrument is required to allege a culpable mental state, but fails to do so, it is fundamentally defective. *Green v. State,* 571 S.W.2d 13, 15 (Tex.Cr.App.1978). However, in making the determination whether a charging instrument states an offense, it must be read as a whole and construed liberally. *Childs v. State,* 547 S.W.2d 613, 615 (Tex. Cr.App.1977). In *Soto v. State,* 623 S.W.2d 938, 939 (Tex.Cr.App.1981), this Court pointed out the following: "[I]n a real sense, we look for omissions—for constituent elements of the statutory offense that are missing—in an indictment, for if an element is omitted 'then the indictment fails to allege an offense,' *Ex parte Mathis,* 571 S.W.2d 186, 187 (Tex.Cr.App.1978)."

■ V.T.C.A., Penal Code, Sections 29.-02(a)(2) and 29.03(a)(2), which proscribe the

---

**2.** Under this Court's decisions, the State could have, but declined to do so for reasons not reflected in the record of appeal, charged appellant directly with the commission of the offense

of aggravated robbery of Taylor. See *Pitts v. State,* 569 S.W.2d 898, 900 (Tex.Cr.App.1978); also see *Aduddel v. State,* 156 Tex.Cr.R. 495, 244 S.W.2d 234 (1951).

offenses of robbery and aggravated robbery, and which are applicable to this cause, clearly and plainly require as an element thereof the culpable mental state of either intentional or knowing.

The indictment in this cause actually consists of two parts. The first part alleges that appellant "did then and there act together with Jerry Wayne Fears." The second part alleges that Fears committed the offense of aggravated robbery of Taylor.

Grammatically speaking, it is also apparent that the indictment consists of a main clause, which is the first part of the indictment, and a subordinate clause, which is the second part of the indictment.

The main clause of the indictment only alleges that appellant "did then and there act together with Jerry Wayne Fears." The subordinate clause of the indictment, which is the remainder of the sentence after the subordinate conjunction "when", alleges that Fears committed the offense of aggravated robbery of Taylor. The subordinate clause is an adverbial clause of *time* which modifies the verb "did ... act" in the main clause. The adverbial clause, however, only informs us of *when* appellant acted with Fears. The clause, however, in no way states what culpable mental state appellant might have had when she allegedly acted together with Fears. Furthermore, the culpable mental states of "knowingly" and "intentionally," that are alleged in the subordinate clause, only reflect what culpable mental states Fears allegedly had when he committed the robbery of Taylor. Thus, according to basic grammatical principles, the applicability of the culpable mental states alleged in the indictment is restricted to Fears and does not include any reference to appellant's culpable mental state when she allegedly acted with Fears when he committed the aggravated robbery of Taylor.

As previously pointed out, see fn. 1, *ante*, in order for one to be criminally responsible for an offense committed by the conduct of another person, it is necessary that such person must act with intent to promote or assist the commission of the offense by either soliciting, encouraging, directing, aiding, or attempting to aid the other person when he committed the offense.

Because the State failed to plead in the indictment that when appellant acted together with Fears, she did so "with intent," or that she acted with the culpable mental state of either intentional or knowing, this omission causes the indictment to be null and void as to appellant. Appellant's contention that the indictment does not state an offense against her is sustained.

Appellant also asserts that the circumstantial evidence that was adduced is insufficient to convict her as a party to the offense that was committed by Fears. We reject this contention because we find that the incriminatory circumstantial evidence is more than sufficient to establish that appellant was a party to the offense committed by Fears.

■ In judging the sufficiency of the evidence in circumstantial evidence cases, the standard of review that this Court applies is whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense. See *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Cr.App. 1983).

■ In making the determination whether the circumstantial evidence that was adduced in this cause is sufficient to establish that appellant was a party to the offense committed by Fears, we are entitled to look to the facts most favorable to the verdict of the jury. *Jackson v. Virginia*, supra; *Baker v. State*, 504 S.W.2d 872 (Tex.Cr. App.1974). Furthermore, in making the determination whether the circumstantial evidence sufficiently establishes that appellant was a party to the offense committed by Fears, we are also entitled to look to the events that occurred before, during, and after the commission of the offense by Fears. *Wygal v. State*, 555 S.W.2d 465, 468–69 (Tex.Cr.App.1977).

█ Appellant appears to argue under her contention that, if anything, the evidence only established that she was merely present at the scene of the crime before Fears committed the aggravated robbery of Taylor. Of course, mere presence of a person at the scene of the crime, either before, during, or after the commission of the offense, or even flight from the scene, without more, is insufficient to sustain a conviction of one as a party to the offense. *Ellis v. State,* 551 S.W.2d 407 (Tex.Cr.App. 1977); *Gillard v. State,* 128 Tex.Cr.R. 514, 82 S.W.2d 678 (1935). However, combined with other incriminating evidence, such might be sufficient to sustain a conviction.

█ The evidence reflects that if appellant is guilty as a party to the offense committed by Fears, it is because she was the get-away driver of the automobile that she had borrowed earlier that day.

This Court has sustained convictions where the evidence established that the defendant participated in the commission of the offense by driving the get-away vehicle. See, for example, *Gerzin v. State,* 447 S.W.2d 925 (Tex.Cr.App.1969); *Greer v. State,* 168 Tex.Cr.R. 485, 329 S.W.2d 885 (1959); *Davila v. State,* 388 S.W.2d 944 (Tex.Cr.App.1965). Also see the cases discussed in *Fantroy v. State,* 474 S.W.2d 490 (Tex.Cr.App.1972).

In this cause, there is no dispute over the fact that Taylor, the victim, was robbed and shot by Fears.

Appellant testified. Her testimony places her in the company of Fears prior to and after the robbery. She also testified that prior to the robbery she had parked her vehicle in front of Taylor's place of business. Her testimony also places her near Taylor's place of business after the robbery had been committed by Fears. Her testimony also reflects that not too long after the robbery had occurred, and not too far from Taylor's place of business, while driving the vehicle that she had borrowed that day, and while accompanied by Fears, she was arrested for speeding.

There was also conflicting testimony that concerned the finding of the pistol that Fears had used in the robbery of Taylor. The jury, however, was free to believe that appellant led the police to the pistol that was used by Fears when he robbed and shot Taylor. The evidence also showed that when arrested appellant had in excess of $200 on her person. The jury, of course, was also free to believe or disbelieve that this money came from the robbery of Taylor.

The record also reflects that another witness testified that she had seen the vehicle that appellant had been driving that day parked in front of Taylor's place of business for what appears to have been an unreasonable length of time. This was before the robbery had taken place.

Taylor also testified that not too long before the robbery took place he also observed the vehicle that appellant was driving that day parked in front of his place of business.

We find that the above circumstances are sufficient to warrant any rational trier of fact finding appellant guilty as a party to the offense committed by Fears.

In urging that the evidence is insufficient to establish that appellant was a party to the offense committed by Fears, appellant's counsel relies heavily upon this Court's panel opinion of *Morrison v. State,* 608 S.W.2d 233 (Tex.Cr.App.1980). We find his reliance misplaced.

In *Morrison v. State,* supra, the State's evidence was held to be insufficient to sustain that defendant's conviction because all of the incriminating evidence which might have connected the defendant to the commission of the offense came into existence *after* the commission of the offense. In this cause, however, we have incriminating facts that went to appellant's conduct before and after the offense was committed by Fears.

We remand the cause to the trial court with instructions to dismiss the indictment in this cause.

ONION, P.J., and W.C. DAVIS, J., dissent.

MILLER, J., only dissents to overruling appellant's contention that the evidence is insufficient.

TOM G. DAVIS, J., not participating.