NUMBER 13-99-253-CR

 
COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI

 ___________________________________________________________________ 


MOHAMMAD MEHDI NAZEMI , Appellant, 


v.

 THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the 174th District Court

of Harris County, Texas.

____________________________________________________________________ 


O P I N I O N

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Chief Justice Seerden

 

Appellant Mohammed Mehdi Nazemi was convicted of trademark counterfeiting. On appeal, appellant contends that the
State failed to allege and prove that he acted with a culpable mental state. We affirm. 

Background

Nazemi was the owner and proprietor of Jasmeen Jewelry, a shop located in the Gulf Freeway Indoor Market, a large
market containing jewelry and other retail shops. On two occasions, Nazemi or his wife sold jewelry with counterfeit
trademarks to undercover officers. The jewelry consisted of charms with Disney or Warner Bros. characters, or the
trademark Nike "swoosh" symbol. Nazemi was thus charged by indictment with the felony offense of trademark
counterfeiting. 

 Nazemi pleaded not guilty, and a jury found him guilty as charged in the indictment. The trial court assessed punishment
at two years confinement, probated for five years, and imposed a $5,000 fine. 

Introduction

 The Texas Penal Code provides that: 

A person commits an offense if the person intentionally manufactures, displays, advertises, distributes, offers for sale, sells,
or possesses with intent to sell or distribute a counterfeit mark or an item or service that: 
 


 bears or is identified by a counterfeit mark; or



 (2) the person knows or should have known bears or is identified by a counterfeit mark. 

Tex. Penal Code Ann. §32.23 (Vernon Supp. 2000). Nazemi was indicted under subsection (1) of the statute. Under the
indictment, the State alleged that Nazemi did "intentionally possess with intent to sell and distribute items, namely one
hundred sixty-nine earrings, thirty rings, thirty-nine pendants and one bracelet bearing and identified by a counterfeit
mark." 

 In his first issue, Nazemi argues that the trial court violated his right to due process by failing to quash the indictment
against him for its failure to allege a culpable mental state, specifically, that "Nazemi knew that the jewelry was
counterfeit." In his second issue, Nazemi argues that the jury charge failed to instruct the jury that the State was required to
prove beyond a reasonable doubt that Nazemi knew the items he possessed contained a counterfeit mark. Thus, Nazemi
asks this Court to construe the statute to require that Nazemi was aware that the items were counterfeit. In his third issue,
assuming that this Court accepts Nazemi's construction of the statute, Nazemi argues that the State's proof was legally and
factually insufficient to prove that Nazemi knew that the items were counterfeit. 

Intent

Nazemi contends that subsection (1) of the statute, as written, creates a strict liability crime for selling goods containing
counterfeit marks. We do not agree with this interpretation of the statute. 

Nazemi argues that the word "intentionally" in the statute's general statement modifies only specified verbs, e.g., 
manufactures, displays, advertises, distributes, offers for sale, sells, or possesses with intent to sell or distribute. However,
we believe this language cannot be read in isolation. By reading the statutory provision in its entirety, we find that the
statute expressly includes a culpable mental state by providing that a person commits an offense if the person
intentionallysells a counterfeit mark. Tex. Penal Code Ann. §32.23 (Vernon Supp. 2000)(emphasis added). Thus,
subsection (1) of the statute requires the defendant to intentionally sell a counterfeit mark, whereas subsection (2) requires
the defendant to either intentionally sell a counterfeit mark, or sell a mark he should have known was counterfeit. To
construe the statute otherwise would be to render subsection (2) as mere surplusage. 

Our interpretation of the statute is consonant with section 6.02 of the penal code which provides that a culpable mental
state is required unless the definition of the offense plainly dispenses with any mental element. See Tex. Penal Code Ann.
§6.02 (Vernon 1994); Aguirre v. State, No. 580-98, 1999 Tex.Crim.App. LEXIS 104, *19 (Tex. Crim. App. 1999). Our
interpretation is further substantiated by policy considerations underlying the distinction between strict liability crimes and
those that require a culpable mental state. Aguirre, 1999 Tex.Crim.App. LEXIS 104, at *25-38. We overrule Nazemi's
second issue. 

The Indictment

In his first issue, Nazemi alleges that the trial court erred by refusing to set aside the indictment because it failed to allege a
culpable mental state. In general, an indictment must plead every element which must be proven at trial. Dinkins v. State,
894 S.W.2d 330, 338 (Tex. Crim. App. 1995). Naturally, this includes the culpable mental state of the offense. Id.;
Thompson v. State, 697 S.W.2d 413, 415 (Tex. Crim. App. 1985). If an indictment fails to allege a culpable mental state
for an offense, it is defective and is subject to a motion to quash. Dinkins, 894 S.W.2d at 339; Thompson, 697 S.W.2d at
415. An indictment which tracks the language of the statute is normally sufficient to provide notice to the person charged
with an offense. Thomas v. State, 621 S.W.2d 158, 161 (Tex. Crim. App. 1980). We note that the language of Nazemi's
indictment directly tracks the language of the statute. We read the indictment as properly alleging a required mental state. 
It was not error for the trial court to deny Nazemi's motion to quash. We overrule Nazemi's first issue. 

Legal and Factual Sufficiency of the Evidence

In his third issue, Nazemi argues that the State's proof was legally and factually insufficient to prove that Nazemi knew that
the items were counterfeit 

A legal sufficiency review calls upon the reviewing court to view the relevant evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);Jackson v. State, 17
S.W.3d 664, 667 (Tex. Crim. App. 2000). In a legal sufficiency review, the fact finder remains the exclusive judge of the
credibility of the witnesses and of the weight to be given their testimony. See Barnes v. State, 876 S.W.2d 316, 321 (Tex.
Crim. App. 1994). The appellate court serves to ensure the rationality of the fact finder, but does not disregard, realign, or
weigh the evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). These standards for review apply
equally to direct and circumstantial evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App.1991). 

In contrast, a factual sufficiency review dictates that the evidence be viewed in a neutral light, and sets aside the verdict
only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996). Factual sufficiency review must be appropriately deferential so as to avoid the
appellate court's substituting its own judgment for that of the fact finder. Clewis, 922 S.W.2d at 133. The court's
evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness
testimony. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 

At trial, Nazemi denied any knowledge that the goods were counterfeit. However, testimonial evidence adduced at trial
showed that Nazemi was relatively sophisticated and knowledgeable in retail matters. At the time of this incident, he had
been a resident or citizen of the United States for more than twenty years, and had a bachelor's degree in physics. Nazemi
had worked as a car salesman and clerk in a convenience store, and owned other business interests besides Jasmeen
Jewelry. Nazemi's wife had previous experience with retail jewelry sales. 

According to the testimony at trial, it is a relatively simple matter to confirm the legitimacy of trademarked goods. One
need merely visually inspect the goods to ascertain whether or not they contain a mark. There was further testimony that
the depicted imagery on the counterfeit goods was not of good quality. 

Under these circumstances, we hold that there was legally and factually sufficient evidence of the requisite intent. Intent
may be inferred from circumstantial evidence. Wolfe v. State, 917 S.W.2d 270, 275 (Tex. Crim. App.1996). Thus, proof of
knowledge is an inference drawn by the trier of fact from all the circumstances. Dillon v. State, 574 S.W.2d 92, 94 (Tex.
Crim. App.1978); Cantu v. State, 944 S.W.2d 669, 670 (Tex.App.-Corpus Christi 1997, pet. ref'd). A jury can infer
knowledge or intent from the acts, conduct, and remarks of the accused and from the surrounding circumstances. Withers
v. State, 994 S.W.2d 742, 746 (Tex.App.-Corpus Christi 1999, pet. ref'd); Menchaca v. State, 901 S.W.2d 640, 652
(Tex.App.-El Paso 1995, pet. ref'd); Ortiz v. State, 930 S.W.2d 849, 852 (Tex.App.-Tyler 1996, no pet.). 

In determining the legal sufficiency of the evidence to show appellant's intent, and faced with a record that supports
conflicting inferences, we "must presume--even if it does not affirmatively appear in the record--that the trier of fact
resolved any such conflict in favor of the prosecution, and must defer to that resolution." Matson v. State, 819 S.W.2d 839,
846 (Tex. Crim. App.1991). In the instant case, taking all of the evidence in the light most favorable to the verdict, any
rational trier of fact could have found that Nazemi intentionally sold counterfeit goods. 

As for the factual sufficiency of Nazemi's intent, we cannot say that even considering Nazemi's testimony and any other
evidence in his favor, the jury's verdict was against the great weight of the incriminating evidence presented at trial so as to
be clearly wrong and unjust. In this regard, we note that the State introduced evidence suggesting that Nazemi failed to pay
sales tax, kept two sets of accounting books, and miscalculated the quoted prices on goods to the buyer's disadvantage. The
jury could have considered this evidence as tending to cast doubts on Nazemi's credibility. In short, the jury was free to
reject Nazemi's rendition of the events. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We overrule
appellant's final issue. 

The judgment of the trial court is affirmed. 



__________________________________ 

ROBERT J. SEERDEN, Chief Justice 



Concurring Opinion by Justice J. Bonner Dorsey. 



Publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 31st day of August, 2000. 

 

 * * * * * * * * *






NUMBER 13-99-253-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



MOHAMMAD MEHDI NAZEMI , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 


On appeal from the 174th District Court

of Harris County, Texas.

____________________________________________________________________ 


CONCURRING OPINION

 Before Chief Justice Seerden and Justices Dorsey and Yañez 

Concurring Opinion by Justice Dorsey

 

I concur in the affirmance of the conviction; however I disagree with the analysis expressed. In my opinion the legislature
denominated the crime to be the intentional selling a "counterfeit mark" or an item bearing a "counterfeit mark," without
requiring knowledge on the part of the seller that the item was indeed counterfeit. It is enough that the item bear or be
identified by a counterfeit mark. What the seller knew or should have known of its counterfeit status is not necessary for a
violation if the State so chooses to prosecute under subsection (1) of §32.23 of the Penal Code. Of course the State could
prosecute under subsection (2) that requires evidence that the seller knew or should have known that the item bears or is
identified by a counterfeit mark. 

The trial judge denied the proposed instruction that would have required knowledge that the goods were counterfeit, or that
the defendant should have known they were. Thus the necessity of the knowledge of the defendant as an element of the
offense was squarely presented to the court below and to this court. I think by the clear language of the statute the
legislature did not require such knowledge by the seller in order for his actions to constitute a crime. 

There are good reasons for the legislature to put the risk of prosecution on the seller of this type of goods. It requires care
on the part of the seller to make sure what he offers for sale is genuine, for if it is not real, the seller is in peril of
prosecution. Such a danger should encourage sellers to be very cautious in what they offer for sale, with the result that
items of doubtful provenance will be driven from the market by the actions of conscientious and worried vendors. 

Given the legislature's decision that one who offers a counterfeit trinket for sale has committed a crime regardless of
whether the seller knows the item is fake, is there some limitation on the legislature's authority that would prohibit such
action? I find none. I believe it to be a valid exercise of the police power of the State. 



__________________________________ 

J. BONNER DORSEY, Justice 





Publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 31st day of August, 2000.