**Opinion filed May 2, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00147-CR

_____

**SHAWNA ANN HALLACY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**

**Brown County, Texas**

**Trial Court Cause No. CR21173**

## M E M O R A N D U M   O P I N I O N

Shawna Ann Hallacy, Appellant, waived her right to a jury trial on guilt/innocence and entered an open plea of guilty to the offense of aggravated robbery. The trial court admonished Appellant, accepted her guilty plea, and found her guilty of the offense. Upon Appellant's plea of true to the enhancement allegation, the jury assessed her punishment at confinement for forty years. We affirm.

In a single issue on appeal, Appellant challenges the voluntariness of her guilty plea. She argues that, because she misunderstood the law of parties, her plea was made involuntarily and her right to due process was violated. To be knowing and voluntary, a guilty plea must be made with sufficient awareness of the relevant circumstances and likely consequences. *McMann v. Richardson*, 397 U.S. 759, 766 (1970). When the record shows that a defendant was properly admonished, it presents a prima facie showing that the guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998); *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985). The burden then shifts to the defendant to establish that he did not understand the consequences of his plea. *Martinez*, 981 S.W.2d at 197; *Gibauitch*, 688 S.W.2d at 871. The introduction of evidence negating an essential element of the offense may render a guilty plea involuntary. *See Payne v. State*, 790 S.W.2d 649, 651–52 (Tex. Crim. App. 1990) (holding that defendant's testimony that crime committed with toy gun raised issue of voluntariness of guilty plea for aggravated robbery and that trial court should have allowed the defendant to withdraw his plea).

The record in this case shows that, before accepting the guilty plea, the trial court properly admonished Appellant pursuant to TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2012). Appellant informed the trial court that she was pleading guilty because she was guilty and for no other reason. She also stated that she was entering her guilty plea knowingly, intelligently, voluntarily, and willingly. The trial court inquired about Appellant's competence and determined that she was mentally competent. An exhibit containing Appellant's judicial confession and stipulation of evidence was admitted into evidence in support of Appellant's plea. The trial court then accepted Appellant's plea and found from the evidence that she was guilty as charged. Thereafter, a jury trial on punishment commenced.

Appellant contends on appeal that the record from the punishment hearing shows that she misunderstood the law of parties and that she was not guilty of aggravated robbery because all she did was drive the getaway vehicle. Appellant did not attempt to withdraw her guilty plea, nor did she file a motion for new trial. At the punishment hearing, Appellant attempted to minimize her participation in the crime. She testified that she and Joshua Dean, who also pleaded guilty to and was convicted of aggravated robbery for this crime and also received a sentence of forty years, were "associated" in a manner "something like" that of girlfriend and boyfriend. At the time of the crime, Dean was giving Appellant a ride to her home in another town, and he was leaving town to go see his sister and to avoid some pending charges. Dean was "drunk and high." Although Appellant had no money and Dean had very little money, they went to Jerry's Burgers & Shakes to order burgers. Appellant said that Dean was upset and complaining about his lack of money. They were almost out of gas, and he was out of beer and cigarettes. According to Appellant, Dean made the comment, "Well, I'll just go in here and rob them." Appellant testified that she did not believe Dean. However, she observed Dean retrieve a gun from the glove box and enter Jerry's Burgers & Shakes with the gun in his pocket. Appellant knew that the gun was not loaded. Appellant testified that she did not encourage Dean to commit the robbery or agree to a robbery. However, Appellant stated that she was driving Dean's pickup and that she remained behind the driver's wheel of the pickup while Dean went into the restaurant with a gun. Dean robbed the employees at gunpoint. When Dean returned to the pickup, he said, "Go," and Appellant drove away quickly. Appellant testified: "I pled guilty for a reason. I know I'm responsible for part of that."

The officer who interviewed Appellant after her arrest explained that Appellant's story changed during the interview. According to the officer,

Appellant initially admitted that there was a "plan," but then she started "backtracking" when she realized that she had admitted her involvement.

Nothing in the record indicates that the trial court or Appellant's attorney misinformed Appellant regarding the law of parties. Pursuant to TEX. PENAL CODE ANN. § 7.02(a)(2) (West 2011), a person is criminally responsible for an offense committed by another if, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." Mere presence of a person at the scene of a crime—either before, during, or after the commission of the offense—or even flight from the scene, without more, is insufficient to sustain a conviction of that person as a party to the offense. *Thompson v. State*, 697 S.W.2d 413, 417 (Tex. Crim. App. 1985). However, these things when combined with other incriminating evidence may be sufficient to sustain a conviction. *Id.* In *Thompson*, the court found that the evidence was sufficient to support the conviction of the getaway driver. *Id.*; *see also Brewer v. State*, 852 S.W.2d 643, 647–48 (Tex. App.—Dallas 1993, pet. ref'd) (holding evidence sufficient to support conviction as a party to aggravated robbery where defendant dropped off his accomplice and, shortly after shooting, picked up accomplice).

Similar to the facts in *Thompson*, the evidence in the present case showed that Appellant was not merely driving a vehicle in which Dean was a passenger. Appellant and Dean needed money. Appellant drove Dean to Jerry's Burgers & Shakes. Dean said he was going to rob the place, and Appellant saw Dean retrieve a gun and take it with him into the restaurant. Appellant waited for Dean to return and drove away quickly after the robbery. This evidence indicates that Appellant was guilty of aggravated robbery. The evidence did not negate an essential element of the crime. *Cf. Payne*, 790 S.W.2d at 651–52. Furthermore, the record on appeal shows that Appellant was properly admonished before she pleaded

guilty, and we cannot hold, based on the record before us, that Appellant has shown that her plea was made involuntarily. *See Martinez*, 981 S.W.2d at 197. We overrule Appellant's issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


May 2, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.