ACCEPTED
06-15-00030-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/11/2015 11:09:46 PM
DEBBIE AUTREY
CLERK

## NOS. 06-15-00030-CR & 06-15-00031-CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
9/14/2015 9:24:00 AM
DEBBIE AUTREY
Clerk

IN THE COURT OF APPEALS

SIXTH DISTRICT

AT TEXARKANA, TEXAS

CHARLES FRANCIS WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

APPEAL IN CAUSE NUMBER 30,023 & 30,068

IN THE 196TH JUDICIAL DISTRICT COURT

OF HUNT COUNTY, TEXAS

BRIEF FOR APPELLANT

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Comes now the Appellant and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure in support of his request for the judgment of conviction to be overturned in Cause No. 28,919.

Appellant Requests Oral Argument

# **IDENTITY OF PARTIES AND COUNSEL**

Appellant's Attorney:
Jason A. Duff
2615 Lee Street
P.O. Box 11
Greenville, Texas 75403-0011

Appellant's Trial Attorney:
Toby Wilkinson
2815 Wesley St.
Greenville, TX  75401

Appellee:
The State of Texas by and through
Noble Walker
Hunt County District Attorney
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

Appellee's Trial Counsel:
Lauren Hudgeons
Hunt County District Attorney's Office
4th Floor Hunt County Courthouse
2500 Lee Street
Greenville, Texas 75401

# TABLE OF CONTENTS

Identity of the Parties and Counsel ................................................................2

Table of Contents ..........................................................................................3

Index of Authorities .......................................................................................4

Statement of the Case ...................................................................................5

Issue Presented.............................................................................................6

Statement of the Facts...................................................................................7

Summary of the Argument .............................................................................8

Argument and Authorities ..............................................................................9

    **Issue Number One**.................................................................................9

    The evidence is legally insufficient to support the conviction of Appellant for theft of copper under $20.000.00.

    **Issue Number Two**...............................................................................11

    The evidence is legally insufficient to the conviction for unauthorized use of a vehicle.

Prayer for relief ........................................................................................... 14

Certificate of Word Count.............................................................................15

Certificate of Service....................................................................................15

# INDEX OF AUTHORITIES

**FEDERAL CASES:**

*Jackson v. Virginia,* 443 U.S. 307. ..........................................................10

*United States v. Murray*, 527 F.2d 401, 410 (5th Cir.1976). ......................10

**STATE CASES:**

*Anderson v. State*, 813 S.W.2d 177 (Tex.App.-Dallas 1991, no pet.)..........10

*Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App.2010). .....................9

*Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) .....................10

*Swartz v. State*, 61 S.W.3d 781(Tex.App.-Corpus Christi 2001, pet. ref'd) 12

*Thompson v. State,* 697 S.W.2d 413, 417 (Tex.CrimApp.1985)................12

**STATE STATUTES:**

TEX. PEN. CODE ANN §31.03(a). (Casemaker 2014) ...............................9

TEX. PEN. CODE ANN § 31.03(b)(1) (Casemaker 2014)...........................9

TEX. PEN. CODE ANN §. § 31.0a(3) (Casemaker 2014) ..........................10

TEX. PEN. CODE ANN §. § 31.07(3) (Casemaker 2014) ..........................12

## STATEMENT OF THE CASE

This is an appeal of and sentence in criminal case for the 354th Judicial District, in Hunt County, Texas. Appellant was convicted Theft of Copper under $20,000.00 and Unauthorized use of a Vehicle. Appellant was assessed a sentence of 10 years on January 28, 2015 in both causes to run concurrently. Notice of appeal was given on February 11, 2015. The clerk's record was filed June 3, 2015. The reporter's record was filed on June 12, 2015.

## ISSUE PRESENTED

**ISSUE ONE:**

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT THE CONVICTION OF APPELLANT OF THEFT OF COPPER, LESS THAN $20,000.

**ISSUE TWO:**

THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUPPORT UNAUTHORIEZED USE OF A MOTOR VEHICLE.

## STATEMENT OF THE FACTS

Charles Francis Williams was charged with one offence in his indictment.  The indictment alleged that Williams,

At trial the prosecution began its case by eliciting testimony from an employee of Sharyland Utilities, in Hunt County named Terry Ervin.  (RR Vol.  6 p.10).  Ervin testified that on August 19, 2014 he was working and got a call from the alarm company, but it was initially cleared out.  (RR Vol. 6 p.14).  Ervin then testified that on a second alarm he discovered the gate to the utility company was open and one of the trucks was missing, so he called the police and his supervisor.  (RR Vol.  6 p.18).  Erving stated that he viewed the surveillance video and did not recognize either person in the video.  (RR Vol.  6 p.21).

The video in this case depicts two white men, one in a dark blue shirt and one in a light blue or teal shirt.  (See States Ex. 1.).  Ervin identified from the video that the man in the blue shirt was the one with the copper wire in his hand.  (RR Vol.  6 p.33).  Hunt County Deputy Henry Potts investigated the scene, stated he could not find any finger prints.  Hunt County Deputy Kelly Phillips acted as investigator on the case, and after he viewed the video and not actually going to the scene, he believed the man in the light colored shirt was the Appellant.  (RR Vol.  6 p. 122).

# SUMMARY OF THE ARGUMENT

**Issue One:**

*The evidence is legally insufficient to support the conviction of Appellant for theft of Copper under $20,000.*

Even when looking at all the evidence in the light most favorable to the State, the evidence does not establish that the logical force of the evidence, to the Appellant himself being the one who stole the contraband. Simply stated, there is a complete lack of evidence, which is required to sustain Appellant's conviction.

**Issue Two:**

*The evidence is legally insufficient to support his conviction for unauthorized use of a motor vehicle.*

The evidence presented at trial simply does not support a finding that the Appellant committed the crime as the actor or a party.

## ARGUMENT

**Issue One:** **The evidence is legally insufficient to support the conviction of Appellant as indicted.**

When reviewing legal sufficiency of the evidence, Courts review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements *of the charged offense* beyond a reasonable doubt. *Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App.2010);*Jackson v. Virginia,* 443 U.S. 307, 319. *Emphasis added.* Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Under the Texas Penal Code, "[a] person commits an offense if he unlawfully appropriates property with the intent to deprive the owner of property. Tex. Pen. Code Ann. § 31.03(a). (Casemaker 2014). Appropriation of property is unlawful if it is without the owner's effective consent. Tex. Pen. Code Ann. § 31.03(b)(1). (Casemaker 2014). Effective

9

consent includes consent by a person legally authorized to act for the owner not induced by deception or coercion. Tex. Pen. Code Ann. § 31.0a(3). (Casemaker 2014).

Courts have consistently held that an "uncertain in-court identification of an accused as the perpetrator of a crime, standing alone, is insufficient to support a guilty verdict." *Anderson v. State*, 813 S.W.2d 177, 179 (Tex.App.-Dallas 1991, no pet.), cited in *Swartz v. State*, 61 S.W.3d 781, 788 (Tex.App.-Corpus Christi 2001, pet. ref'd); *United States v. Murray*, 527 F.2d 401, 410 (5th Cir.1976).

The Fifth Circuit has explained: Questions of identification are, of course, ordinarily for the determination of the jury. If, however, the witness is unsure and there are no other connecting or corroborating facts or circumstances the jury is left without evidence upon which to translate unrelieved uncertainty into belief from the evidence beyond a reasonable doubt. *Murray*, 527 F.2d at 410.

It is true that in this case some of the deputies seemed very certain that the person they see in the video was in fact the Appellant when asked by the prosecutor. (RR Vol. 6 p. 33 &122). Yet, the state's own witness testified that the same morning of the theft she saw the Appellant come in a

10

vehicle not owned by the utility company, nor did she see Appellant with any copper wire. (RR Vol. 6 p. 46).

The State insufficiently relied on evidence that was not enough to create the logical force necessary to allow a rational juror to find that the appellant had indeed been the person to steal the copper wire.

In this case, the State did not prove beyond a reasonable doubt that Appellant was the individual that stole the copper wire or even as a party as stated in the indictment.

Here, Appellant was not seen to be in direct possession of the copper wire by the testifying officer or any other witness in real time. Although the video appears to be of good overall quality it is insufficient to identify the Appellant as one of the individuals recorded.

Therefore, even resolving any facts in the State's favor, there is insufficient evidence to convict the Appellant in this case and his conviction should be overturned.


**Issue Two**:      **The evidence is legally insufficient to support his**
                    **conviction for unauthorized use of a motor vehicle.**

As stated above a Court must look at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact

11

could have found that the essential elements of the offense were proven beyond a reasonable doubt. *Jackson* at 319.

A person commits the offence of unauthorized use of a vehicle if he intentionally or knowingly operates another's motor-propelled vehicle Tex. Pen. Code Ann. § 31.07(a). (Casemaker 2014).

Again as with Appellant's issue number one, the State failed to prove that Appellant is the individual who committed this crime. Even with a high quality video there is still insufficient evidence to identify the Appellant as the one committed this crime of unauthorized use of a vehicle. Even assuming *arguendo* Appellant was one of the two men on the video, Appellant was not the individual who appropriated the vehicle. State's witness Deputy Phillips identified Appellant as the man on the video in the lighter colored shirt. (RR Vol. 6 p. 122). It is clear from the video that the man in the dark shirt is the individual driving off with the Sharyland truck. Mere presence of a person at the scene of a crime, or even flight from the scene, without more, is insufficient to support a conviction as a party to the offense. *Thompson v. State,* 697 S.W.2d 413, 417 (Tex.CrimApp.1985).

In the case at bar the only other evidence presented to the jury was that the Appellant came back from being out the same night the vehicle

was taken, and that he was in the same vicinity as where the vehicle was found.

Here the jury was left to only speculate without evidence upon which to translate unrelieved uncertainty into belief from the evidence beyond a reasonable doubt.

## PRAYER FOR RELIEF

Wherefore, premises considered, Appellant respectfully prays that his conviction in the above entitled and numbered cause be reversed and acquit him. Appellant further prays for all other lawful relief to which he may be entitled, at law or in equity.

Respectfully submitted,

Jason A. Duff
State Bar No. 24059696
2615 Lee Street
P.O. Box 11
Greenville, TX  75403-0011

Attorney for the Appellant

**CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT**

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney or record certifies that Appellant's Brief contains 14-point typeface of the body of the brief, 12-point typeface for footnotes in the brief and contains 1,249 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2010.

Jason A. Duff
Attorney for the Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to Hunt County District Attorney Noble D. Walker, Jr., P.O. Box 1097, Greenville, Texas 75403, on this the 11th day of September, 2015, by hand and to the Court of Appeals in Texarkana via Electronic Filing.

Jason A. Duff
Attorney for the Appellant