

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00064-CR

TY KEALOHA EOFF AKA TY                                      APPELLANT
KEGLOHA EOFF

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1415130D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ty Kealoha Eoff a/k/a Ty Kegloha Eoff appeals his conviction for burglary of a habitation.  In two issues, Eoff argues that the evidence is insufficient to support his conviction and that the trial court committed reversible charge error.  We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Mark Thome was asleep in his bedroom at around 3:45 p.m. one weekday when he was awakened by a series of loud bangs.[2] He grabbed his gun, headed down the hallway, and noticed that the back door had been forced open. He also saw two men, whom he identified at trial as Nathan Tealer and Eoff. Tealer was leaning forward as he entered the house through the open doorway, and Eoff was close behind Tealer but still outside of the house. Fearing for his life, Thome raised his gun and fired, causing Tealer and Eoff to take off running. Thome saw Eoff jump over the backyard fence and Tealer fall to the ground, and Thome called 911.[3]

Meanwhile, Eoff approached two homeowners on foot—one who lived on the same street as Thome and another who lived several blocks away. One refused to help, and when the other offered to call the police, Eoff instead asked if he could call his mother. After Eoff spoke to his mother, she came and picked him up, they returned to their nearby house, and she called the police to report that someone had shot at her son. The police figured that the incident at Thome's house and the incident that Eoff's mother had reported were related, and when they questioned Eoff, he told them that he was walking down the street when a man started shooting at him.

---

[2]Thome worked the night shift.

[3]Tealer had been shot and died.

A grand jury later indicted Eoff for burglary of a habitation. The trial court's charge at guilt/innocence instructed the jury that it could convict Eoff either as a principal or as a party to the offense. The jury found Eoff guilty and assessed his punishment at twenty-five years' confinement. The trial court sentenced him accordingly.

Eoff argues in his first issue that the evidence is insufficient to support his conviction for burglary of a habitation both as a principal actor—because he never entered Thome's house—and as a party—because there is no evidence that he solicited, encouraged, directed, aided, or attempted to aid Tealer's commission of the burglary. Eoff argues,

> [T]he evidence puts Nathan Tealer and Ty Eoff in the victim's backyard. Tealer and Eoff were friends. Eoff was on the victim's porch when Tealer was in the victim's house. That's not enough to show that Eoff[,] acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid Nathan Tealer's commission of this burglary.

Eoff improperly disregards numerous reasonable inferences that the jury could have drawn from the evidence and relied upon to convict him as a party.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the

3

evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.*, 99 S. Ct. at 2789; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

As the charge provided, a person commits burglary of a habitation if, without the effective consent of the owner, he (a) enters a habitation with intent to commit theft or (b) enters a habitation and commits or attempts to commit theft. Tex. Penal Code Ann. § 30.02(a)(1), (3) (West 2011). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. *Id.* § 31.03(a) (West Supp. 2016).

"A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *Id.* § 7.01(a) (West 2011). A person is criminally responsible for an offense committed by the conduct of another if "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2) (West 2011). Party participation may be shown by events occurring before, during, and after the commission of the offense and may be demonstrated by actions showing an understanding and common design to do the prohibited act. *Salinas v. State*, 163 S.W.3d 734, 739–40 (Tex. Crim. App. 2005). Mere presence of a person at the scene of a crime, or even flight from the scene, without more, is insufficient to support a conviction as a party to the offense, but it may be sufficient to sustain a conviction when combined with

4

other incriminating evidence. *Thompson v. State*, 697 S.W.2d 413, 417 (Tex. Crim. App. 1985). Circumstantial evidence may be used to prove that a person is a party to an offense. *Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006).

The evidence viewed in the light most favorable to the verdict shows that the burglary occurred at approximately 3:45 p.m. on a weekday and that no cars were parked in Thome's driveway. Detective Griesbach of the Arlington Police Department testified that burglaries commonly occur when people are away from home and that to a person looking at the outside of Thome's house, it might not have been apparent that anyone was home. The evidence also showed that the gate to Thome's backyard was closed and locked and that to get to Thome's back door, Eoff and Tealer had to have scaled the fence that completely surrounds the backyard. Once in the backyard, Thome's back door was kicked in, which caused part of the doorframe to be ripped off of the wall. Sergeant Glenn of the Arlington Police Department testified that the damage to the back door was consistent with the door being forced open in order to gain entry to the house. Once the door was forced open, Eoff did not leave but was instead directly behind Tealer, who had already entered the house when Thome opened fire.

After Eoff fled the scene, a homeowner offered to call the police, but Eoff refused and instead called his mother. While waiting for his mother to arrive, Eoff lay down on the floor of the homeowner's garage as if he was hiding. Eoff thus

5

sought to avoid police involvement and did not warn the homeowner that a person in the neighborhood was shooting at people, as he recounted to the detectives who later interviewed him.

The police later learned that Eoff and Tealer were friends and that Eoff had lied to detectives when he had told them that the only "Nathan" that he knew was a "Nathan Lusk." Further, Tealer's girlfriend at the time of the burglary testified that she had been communicating with Tealer that day, that she had last spoken with Tealer at around 3:30 p.m. that day, and that she had heard Eoff's voice during the conversation. An examination of Tealer's cellphone showed that Tealer had texted his girlfriend at approximately 3:35 p.m. on the day of the burglary, "Trying make this money, baby girl."

Although the jury could not have convicted Eoff as a principal—because there is no evidence that he entered Thome's house—it certainly could have convicted him as a party, reasonably inferring from all of the evidence above that Eoff, acting with intent to promote or assist the burglary, solicited, encouraged, directed, aided, or attempted to aid Tealer in committing the burglary. *See* Tex. Penal Code Ann. § 7.02(a)(2); *Salinas*, 163 S.W.3d at 739–40; *Thompson*, 697 S.W.2d at 417. The evidence is therefore sufficient to support Eoff's conviction for burglary of a habitation. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. We overrule his first issue.

Eoff argues in his second issue that the trial court erred by charging the jury under the law of parties. However, in general, the trial court may instruct the

6

jury on the law of parties if there is sufficient evidence to support a jury verdict that the defendant is criminally responsible under the law of parties. *Ladd v. State*, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000). Moreover, if the evidence is not sufficient to sustain a conviction as a primary actor, the trial court should give an applicable law-of-the-parties instruction. *McCuin v. State*, 505 S.W.2d 827, 830 (Tex. Crim. App. 1974). Both of these principles apply here. The trial court did not err by charging the jury under the law of parties. We overrule Eoff's second issue.

Having overruled both of Eoff's issues, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 1, 2016

7